**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MILTOLADY LUGO, | : | CIVIL ACTION NO. 18-2140 (JLL) |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**LINARES,** Chief District Judge

Miltolady Lugo seeks judicial review pursuant to 42 U.S.C. § 405(g) and Local Civil Rule 9.1 of a final decision (hereinafter, "the Decision") issued on behalf of the Commissioner of the Social Security Administration (hereinafter, "the Commissioner") by an administrative law judge (hereinafter, "the ALJ") dated November 18, 2016, after the ALJ conducted a hearing on August 2, 2016. (ECF No. 1 (the complaint); R. at 59–69 (the 11-18-2016 ALJ Decision); R. at 91–136 (the 8-2-2016 Hr'g Tr.).) In the Decision, the ALJ addressed Lugo's application for supplemental security income (hereinafter, "SSI"), and concluded that Lugo was not disabled — and thus Lugo was not entitled to collect SSI — for the time period extending from October 30, 2013 through the date of the Decision. (R. at 59–69.) Lugo objects to the ALJ's conclusions. (ECF No. 1.)

The Court has carefully considered the Administrative Record, as well as the submissions that have been made in support of and in opposition to the instant appeal. (*See* ECF No. 8 (the Administrative Record); ECF No. 13 (Lugo's brief); ECF No. 14 (the Commissioner's brief); ECF No. 15 (Lugo's reply).) The Court decides this matter on the briefs of the parties and without conducting oral argument. *See* L. Civ. R. 78.1(b); L.Civ.R. 9.1. For the reasons set forth below, the Court vacates the Decision and remands this matter for further proceedings that are consistent with this Opinion.

## I. BACKGROUND

The Court writes for the parties who are familiar with the facts and procedural history of the case. The Court therefore specifically addresses in the discussion below only those facts relevant to the issues raised on appeal.

## II. STANDARD OF REVIEW

The Court must affirm the Decision if the ALJ's findings of fact are supported by substantial evidence, *i.e.*, evidence that a reasonable mind might accept as adequate to support a conclusion. *See* 42 U.S.C. § 405(g); *see also Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (stating the same); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (same); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (same). The Court must be deferential to the inferences drawn by the ALJ from the facts if those inferences, in turn, are supported by substantial evidence. *See Smith v. Califano*,

637 F.2d 968, 970 (3d Cir. 1981); *see also Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (stating that a court "will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently"). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t is less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citations and internal quotes omitted). Additionally, a disability must be established by objective medical evidence.

To this end, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." 42 U.S.C. § 423(d)(5)(A). Instead, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

*Id.* The factors to consider in determining how to weigh the evidence originating from a medical source include: (1) the examining relationship; (2) the treatment relationship, including the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with the record as a whole; and (5) the specialization of

the individual giving the opinion. *See* 20 C.F.R. § 404.1527(c).

The "substantial evidence standard is a deferential standard of review." *Jones*, 364 F.3d at 503. The ALJ is required to "set forth the reasons for his decision," and not merely make conclusory and unexplained findings. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000). However, if the ALJ's decision is adequately explained and supported, then the Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 361 (3d Cir. 2004) (citation omitted). It does not matter if this Court "acting *de novo* might have reached a different conclusion." *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190–91 (3d Cir. 1986) (citation omitted). The ALJ is "not require[d] . . . to use particular language or adhere to a particular format in conducting [the] analysis," but the ALJ must "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505.

## III.    THE FIVE STEP PROCESS AND THE ALJ'S DECISION

### A.    The Law

A claimant is eligible to collect benefits if, among other things, she demonstrates that she is disabled based on an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person is disabled only

if the physical or mental impairments "are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The "five step sequential evaluation for determining whether a claimant is under a disability, as set forth in 20 C.F.R. § 404.1520" is explained as follows:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits.

> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.

> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity [(hereinafter, "the RFC")] to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work.

> If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past

work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled.

*Burnett*, 220 F.3d at 118–19 (citations omitted).

"The claimant bears the burden of proof for steps one, two, and four of this test. The Commissioner bears the burden of proof for the last step." *Sykes*, 228 F.3d at 263. Neither party bears the burden of proof at step three. *See id.* at 263 n.2.

**B.    The Step Three Analysis**

At the second step of the sequential evaluation in this case, the ALJ concluded that Lugo suffered from eight severe impairments as of October 30, 2013, which are the following: (1) degenerative disc disease; (2) arthralgia; (3) degenerative joint disease of the knees; (4) gout; (5) depression; (6) anxiety; (7) medullary nephrocalcinosis; and (8) obesity. (R. at 61.)[1] Thereafter, the ALJ should have addressed Lugo's impairments that were at that point deemed to be severe in the subsequent steps in the sequential analysis. *See* 20 C.F.R. § 404.1545(a)(2) (requiring the ALJ to assess all impairments, whether they are found to be severe or not severe). However, Lugo argues that the ALJ failed to meaningfully consider her obesity impairment, either alone or in conjunction with her seven other severe impairments, in assessing her ability to engage in gainful employment

---

[1]    The term "nephrocalcinosis" is incorrectly spelled in the Decision. (*See* R. at 61 (incorrectly spelled as "nephocaclinosis"); R. at 66 (incorrectly spelled as "nephrocaclinosis").)

in the third step as of October 30, 2013. (ECF No. 13 at 23, 24; ECF No. 15 at 2.)[2] The Court is compelled to agree with Lugo's argument on this issue.

Following the analysis set forth in the second step of the Decision as to Lugo's severe impairments, the ALJ made no further mention at all of Lugo's severe obesity impairment in the subsequent steps of the sequential evaluation process. Furthermore, the ALJ made no mention of Social Security Ruling 02-1p, which is designed to provide guidance to an ALJ — and which an ALJ is required to consult — when assessing the effect of a severe obesity impairment upon a plaintiff's ability to work. *See Cooper v. Comm'r of Soc. Sec.*, 268 F. App'x 152, 156 (3d Cir. 2008) (stating that an ALJ should consult and refer to Social Security Ruling 02-1p when a plaintiff makes a specific request for consideration of obesity in conjunction with the other impairments that are claimed).

Having concluded at the second step that Lugo's obesity was indeed a severe impairment, the ALJ should have provided analysis of that impairment in the third step and should have made some assessment of that impairment in the subsequent analysis.

---

[2]  Lugo testified at the hearing underlying the ALJ's Decision that she was five feet and four inches tall, and that she weighed 200 pounds.  (R. at 99.)  Lugo's testimony is consistent with the information contained in Lugo's medical records. (*See, e.g.*, R. at 86 (medical record dated July 28, 2015 from Lugo's treating physician that lists Lugo's height as five feet and five inches, and Lugo's body weight as 212 pounds); *id.* at 13 (medical record dated September 29, 2017 from Lugo's treating physician that lists Lugo's height as five feet and five inches, and Lugo's body weight as 205 pounds).)

*See Esterly v. Comm'r of Soc. Sec.*, No. 13-2954, 2014 WL 2931647, at *7 (D.N.J. June 30, 2014) (remanding a Social Security matter because the ALJ "failed to include any discussion of Plaintiff's obesity impairment . . . [a]lthough the ALJ found at step two that Plaintiff's obesity was a severe impairment," and noting that "where, as here, the ALJ finds at step two that obesity is a severe impairment, the SSA instructs ALJs to analyze obesity . . . at step three"). The Court cannot correct the ALJ's errors by independently analyzing Lugo's medical history even if the Court were so inclined, as the Court is absolutely barred from attempting to do so. *See Jones*, 364 F.3d at 505 (holding that *the ALJ* must provide an explanation of the findings in order to permit a meaningful review by a district court) (emphasis added); *Lloyd v. Barnhart*, 47 F. App'x 135, 137–38 (3d Cir. 2002) (holding that "the District Court has no fact-finding role in reviewing social security disability cases"). The ALJ's error as to the assessment of Lugo's severe obesity impairment can only be remedied on remand by the ALJ. *See Austin v. Comm'r of Soc. Sec.*, No. 16-1462, 2018 WL 878525, at *6 (D.N.J. Feb. 14, 2018) (holding that the ALJ erred in failing to set forth an analysis of the plaintiff's severe obesity impairment in conjunction with the claimant's other severe impairments, and as a result the District Court was unable to provide a meaningful review).

"[A]n ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d

Cir. 2009). In *Diaz*, the Third Circuit Court of Appeals reversed a District Court and directed that a Social Security matter had to be remanded for further proceedings, and went on to hold that "absent analysis of the cumulative impact of [a plaintiff's] obesity and other impairments on her functional capabilities, we are at a loss in our reviewing function." *Id.*; *see also id.* at 504 n.3 (collecting cases reaching a similar conclusion). In view of this clear guidance by the Third Circuit Court of Appeals, this Court remands this matter for a fuller assessment in the third step of the sequential analysis of Lugo's obesity on its own and in conjunction with the other seven severe impairments found by the ALJ. *Cf. Mason v. Colvin*, No. 15-1861, 2015 WL 6739108, at *4 (D.N.J. Nov. 3, 2015) (affirming an ALJ's assessment of the plaintiff's obesity in combination with the plaintiff's other severe impairments, because the ALJ fully explained how obesity could impact the other impairments and thereby provided a sufficient discussion to enable meaningful judicial review); *Ollie v. Comm'r of Soc. Sec.*, No. 13-3297, 2014 WL 1272180, at *5–7 (D.N.J. Mar. 26, 2014) (affirming an ALJ's assessment of the plaintiff's obesity in combination with the plaintiff's other impairments, because the ALJ explicitly provided several examples from the record that demonstrated that the plaintiff's obesity did not prevent the performance of light work). On remand, the ALJ "should consider [Lugo's] physical and psychological ailments . . . especially with regard to [her] obesity." *Cooper*, 268 F. App'x at 156.

This Court also notes that on remand, once the ALJ has properly analyzed Lugo's severe obesity impairment at the third step of the sequential analysis, the ALJ must also reassess Lugo's ability to work in the fourth step and the fifth step. *See Rodriguez v. Comm'r of Soc. Sec.*, No. 17-9429, 2019 WL 397983, at *4 (D.N.J. Jan. 30, 2019) (remanding a Social Security matter because even though the ALJ held at step two that the plaintiff suffered from a severe obesity impairment, "the ALJ's analysis at step five does not contain any mention of Plaintiff's obesity"); *see also Standowski v. Colvin*, No. 13-5663, 2015 WL 404659, at *12–13 (D.N.J. Jan. 29, 2015) (remanding a Social Security matter because the ALJ "barely discussed" the plaintiff's severe impairment of obesity, and "the ALJ's residual functional capacity determination is silent on obesity"); *cf. Gifford v. Barnhart*, 129 F. App'x 704, 707 (3d Cir. 2005) (affirming the ALJ's decision to deny an application for benefits because, among other things, the ALJ actually considered the plaintiff's obesity in combination with her other impairments and concluded that the plaintiff's obesity did not eliminate the RFC based on the medical evidence offered). On remand, the ALJ should be certain to specifically address Lugo's severe obesity impairment in the fourth step and the fifth step of the analysis.

Because the Court has determined that the ALJ improperly assessed Lugo's obesity impairment subsequent to step two, an entirely new sequential evaluation concerning whether Lugo is disabled is necessary upon remand. Thus, the Court will not address Lugo's remaining substantive challenges, because the ALJ should necessarily

address them upon remand. *See McMillan v. Comm'r of Soc. Sec.*, No. 16-313, 2018 WL 6617841, at *4 (D.N.J. Dec. 18, 2018) (holding the same in finding that a remand was appropriate because the ALJ failed to properly consider the plaintiff's severe obesity impairment at the third step and the fifth step, and thus the Court "need not consider Plaintiff's other arguments at this juncture"); *see also Lawrence v. Colvin*, No. 15-2851, 2016 WL 1644622, at *10 (D.N.J. Apr. 26, 2016) (holding the same in finding that a remand was appropriate because the ALJ failed to properly consider one of the claimant's disabilities, and thus the ALJ would be required to engage in an entirely new evaluation concerning the claimant's other alleged severe disabilities).

## IV.    CONCLUSION

For the foregoing reasons, the Court remands the matter to the ALJ for further proceedings that are consistent with this Opinion. The Court will issue an appropriate Order.

Date: March ____, 2019

JOSE L. LINARES
Chief Judge, United States District Court